**BOIES SCHILLER FLEXNER LLP**
LINDA M. BURROW, State Bar No. 194668
*lburrow@bsfllp.com*
JULIA J. BREDRUP, State Bar No. 275526
*jbredrup@bsfllp.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

DONNA CORBELLO,

Plaintiff,

v.

FRANKIE VALLI; ROBERT J. GAUDIO; MARSHALL BRICKMAN; ERIC S. ELICE; GRAHAM KING; CLINT EASTWOOD; ROBERT LORENZ; GETTING HOME, INC.; HEDGEHOG, INC.; GK FILMS, LLC; WAGW, INC.; WARNER BROS. ENTERTAINMENT INC.; WARNER BROS. PICTURES, INC.; WB STUDIO ENTERPRISES, INC.; WARNER BROS. PICTURES INTERNATIONAL; WARNER BROS. DISTRIBUTING, INC.; WARNER HOME VIDEO, INC.; RATPAC ENTERTAINMENT, LLC; RATPAC-DUNE ENTERTAINMENT, LLC; RATPAC ACCESS ENTERTAINMENT, LLC; and MALPASO PRODUCTIONS, LTD.,

Defendants.

Case No. 2:17-CV-04588 RGK (PLAx)

**RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

**[Declaration of Julia J. Bredrup; Exhibit filed concurrently herewith]**

**Date:** **November 20, 2017**
**Time:** **9:00 a.m.**
**Crtrm.:** **850**

The Honorable R. Gary Klausner



BOIES SCHILLER FLEXNER LLP

Defendants agree with Plaintiff that this action should be stayed pending the outcome of the Ninth Circuit's decision in *Donna Corbello v. Frankie Valli, et al.*, Ninth Circuit Case No. 17-163337 (the "Appeal"). The plaintiff in this action, Donna Corbello, is the appellant in the Appeal and five of the defendants in this case are also respondents in the Appeal.

Plaintiff filed the Appeal on June 26, 2017, after the United States District Court for the District of Nevada entered judgment against her in a case she filed in 2008 against some of the defendants in this case alleging that the Broadway musical *Jersey Boys*, based on the life and career of the musical group The Four Seasons, infringed copyrights she claims to own (the "Theatrical Litigation"). The Nevada District Court entered judgment in the Theatrical Litigation as a matter of law after a jury verdict was returned in Plaintiff's favor. *See* Declaration of Julia J. Bredrup, ¶ 2, Ex. A (attaching a copy of the Nevada district court's order). In setting the jury's verdict aside, the Nevada District Court held that: (1) defendants were entitled to judgment as a matter of law on their affirmative defense of fair use, *id.*, Ex. A at 18-35, (2) the jury's finding that ten percent of the success of the *Jersey Boys* play was attributable to allegedly protectable elements of Plaintiff's work was "against the clear weight of the evidence," *id.* at 35-36, and (3) defendants were entitled to a new trial on their implied license defense. *Id.* at 37-38. Each of these questions is also at issue in this case. *See* Answer, ECF No. 51 at 18-19 (asserting the affirmative defenses of fair use and license).

After the judgment in the Theatrical Litigation was entered, but before filing her notice of Appeal, Plaintiff filed the instant case, in which she alleges that the *Jersey Boys* movie infringes her copyrights for the same reasons she claimed the play infringed her copyrights in the Theatrical Litigation. *See* Motion, ECF No. 55, at ¶ 6 ("Plaintiff . . . alleges that material initially copied from the Work for the play was subsequently incorporated into the film"). Plaintiff's Complaint in this action references the Theatrical Litigation in more than twenty paragraphs. *See , e.g.*,



BOIES SCHILLER FLEXNER LLP

FAC, ECF No. 17, at ¶¶ 4-7, 11, 13, 49, 51, 53-54, 56-58, 60-65, 70. Indeed, as the *Jersey Boys* movie was adapted from the *Jersey Boys* play, if the Ninth Circuit affirms the judgment in the Theatrical Litigation, that decision necessarily will preclude Defendants from being subject to liability based on the film. Even if the outcome of the Appeal is not dispositive, the Ninth Circuit's ruling on the matters at issue in the Appeal inevitably will affect the way these issues are litigated here.

Defendants therefore agree with Plaintiff that this action should be stayed until the Appeal is complete. A stay will promote "the orderly course of justice" by "simplifying" the relevant "issues, proof, and questions of law." *Anstalt v. Bacardi & Co. Ltd.*, No. CV 16-06411, 2016 WL 7635955, at *2 (C.D. Cal. Nov. 16, 2016) (citing *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)) (ordering stay where outcome of related proceedings impacted issues in the case); *see also Cal. Dep't of Water Res. v. Powerex Corp.*, 653 F.Supp.2d 1057, 1066 (E.D. Cal. 2009) (internal alterations omitted) (holding that a stay is proper even where "the court is not bound and controlled by the concurrent proceeding's conclusions," if the "findings" in the concurrent case "may be of valuable assistance to the court in resolving" the instant case); *United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1109 (9th Cir. 2017) (noting that the proper course of action for parties who anticipate their case will be impacted by a pending appeal in another matter is to "seek[] a stay of the case pending" resolution of the appeal). By contrast, proceeding to litigate this case will cause confusion, risk inconsistent rulings, and result in inefficiency by requiring the same parties to re-litigate overlapping issues in two different cases. *See Anstalt*, 2016 WL 7635955, at *4 (directing courts to consider "the hardship or inequity which a party may suffer in being required to go forward").

BOIES SCHILLER FLEXNER LLP

For these reasons, Defendants respectfully request that Plaintiff's Motion to Stay Proceedings be granted.

DATED: October 30, 2017

BOIES SCHILLER FLEXNER LLP
LINDA M. BURROW
JULIA J. BREDRUP

By *\/s/ Linda M. Burrow*
LINDA M. BURROW
Attorneys for Defendants

BOIES SCHILLER FLEXNER LLP